FILED
JUN 2 3 2025
U.S. DISTRICT COURT- WVND
WHEELING, WV 26003

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINI
WHEELING DIVISION

DIANA MEY,

    Plaintiff,

v.                                        Civil Action No. 5:25-CV-137

FEX QUOTES, LLC.,
ADAM BARKOW,
John Doe.

    Defendants.

### PRELIMINARY STATEMENT

1. Plaintiff Diana Mey brings this lawsuit under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, a federal statute enacted in response to widespread public outrage about the proliferation of intrusive, nuisance telemarketing practices. Plaintiff also brings this lawsuit under the West Virginia Consumer Credit and Protection Act, W.Va. Code §§ 46A-6F-501 and 601, a state statute prohibiting abusive, unfair, and deceptive telemarketing practices.

### PARTIES AND JURISDICTION

2. The Plaintiff, Diana Mey, is an individual residing in Wheeling, West Virginia.

3. Defendant, Fex Quotes, LLC is a Delaware limited liability company headquartered in Boca Raton, Florida.

4. Fex Quotes LLC conducts business throughout this district and the United

1

States.

5. Defendant Adam Barkow is a resident of Del Ray Beach, Florida and is the Registered Agent, Director, CEO and employee of Defendant Fex Quotes.

6. Defendant John Doe, upon information and belief, is an independent insurance agent.

7. At all relevant times Defendants conducted business in West Virginia, solicited business in West Virginia, engaged in a persistent course of conduct in West Virginia, and/or derived substantial revenue from products and services sold in West Virginia.

8. Because several of Plaintiff's claims arise under federal law, this Court has subject-matter jurisdiction under 28 U.S.C. § 1331. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 as to the remaining state law claims.

9. Because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this district, venue is proper under 28 U.S.C. § 1391(b)(2). In particular, the telemarketing calls to Plaintiff were received in this district.

## OPERATIVE FACTS

10. Defendant Adam Barkow is the Registered Agent, CEO and an employee of defendant Fex Quotes. Fex Quotes provides products and services, including a "final expense quoter"[1] to insurance agents, including Defendant John Doe ("Doe").

---

[1] See https://fexquotes.com

11. To reach as many customers as possible over the telephone, Defendant Doe places telemarketing calls to consumers throughout the United States.

12. Many of these calls are also placed to consumers who registered their phone numbers on the DNC, as per Plaintiff's experience.

13. Plaintiff's residential wireless telephone number (the "Number"), 304-XXX-XXXX, has been listed on the National Do Not Call Registry continuously since 2003.

14. Plaintiff has never provided any of the Defendants nor their agents prior express written consent to call her, nor does she have an established business relationship with any of the Defendants.

15. On October 14, 2024 at 3:38 p.m. Plaintiff answered a telemarketing call from Caller ID 402-764-9075 to Plaintiff's wireless Number. The caller, "David" said he was calling about life insurance. After approximately 4 minutes, the call abruptly disconnected.

16. On October 14, 2024 at 3:42 p.m. Plaintiff answered a telemarketing call to her Number from Caller ID 402-764-9075. It was the same individual as had called at 3:38 p.m., this time identifying himself as "David Harrison". Only for the purposes of identifying the actual entity behind the calls, Plaintiff agreed to have information emailed to her. This call also abruptly disconnected.

17. On October 14, 2024 at 3:56 p.m. Plaintiff received an email with a signature line "David (402) 764-9075" sent from email address "davidhariss37@gmail.com".

3

18. On October 14, 2024 at 4:06 pm Plaintiff answered a call from Caller ID 402-764-9075 to Plaintiff's wireless Number. It was the same individual as the prior calls this same date.

19. At 4:00 p.m. on October 14, 2024 her Visa card was charged $25.00 by Fex Quotes.

20. Plaintiff never provided prior express written consent to receive Defendants' nor any of their agents' calls and the calls were not necessitated by any emergency.

21. Plaintiff was harmed by the calls as she was temporarily deprived of the legitimate use of her telephone and her privacy was improperly invaded.

22. The calls injured the Plaintiff because they were frustrating, annoying, and disturbed the solitude of Plaintiff.

23. Plaintiff does not have an established business relationship with any of the Defendants.

24. Upon information and belief, the acts complained of herein were either the direct acts of Defendants or the acts of agents authorized to act on their behalf.

25. As such, Defendants are directly liable as to all Counts ascribed herein.

26. In the alternative, the acts complained of herein were carried out by agents

operating for Defendants' benefit, or with actual, implied or apparent authority of Defendants, such that Defendants are vicariously liable as to all Counts ascribed herein.

27. In the alternative, Defendants ratified or accepted the benefits of the acts of their acts as described herein, and are therefore jointly and severally liable as to all Counts ascribed herein.

## COUNT I: VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT ("TCPA")

28. The preceding paragraphs are incorporated by reference herein as if set forth in their entirety.

29. The foregoing acts and omissions of the Defendants and/or their affiliates, agents affiliates, agents, or other persons acting on Defendants' behalf constitute multiple violations of the TCPA.

30. Defendants violated the TCPA, either directly or through the actions of others, by initiating more than one telephone call to Plaintiff in a twelve-month period while her number was on the National Do Not Call Registry. *See* 47 U.S.C. § 227(c).

31. Defendants further violated the TCPA, either directly or through the actions of others, by failing to clearly identify themselves during their calls with Plaintiff; *See* 47 C.F.R. § 64.1200 (d)(4).

32. Each of Defendants' actions, or those of agents operating on their behalf, were done behalf, were done willfully or knowingly.

33. Plaintiff is also entitled to and does seek injunctive relief prohibiting

5

Defendants and/or their affiliates, agents, and/or other persons or entities acting on Defendants' behalf from violating the TCPA, 47 U.S.C. § 227, by making calls, except for emergency purposes, to any number listed on the National Do Not Call Registry.

34. The Defendants' violations were willful and/or knowing.

WHEREFORE, Plaintiff demands from Defendants statutory penalties and damages as provided by law in the amount of $1,500 per violations, prejudgment and post judgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

### COUNT II: VIOLATIONS OF THE WEST VIRGINIA CONSUMER CREDIT AND PROTECTION ACT ("WVCCPA") – ABUSIVE ACTS OR PRACTICES

35. The preceding paragraphs are incorporated by reference herein as if set forth in their entirety.

36. Defendants and/or their agents are telemarketers as defined by W.Va. Code § 46A-6F-113.

37. Plaintiff, Diana Mey, is a consumer or purchaser as defined by W.Va. Code § 46A-6F-103.

38. Defendants and/or their telemarketing agents sought to sell consumer goods or services to Plaintiff as defined by W.Va. Code § 46A-6F-104, § 46A-1-102 (47).

39. Defendants and/or their agents called Plaintiff with the purpose of making telemarketing solicitations as defined by W.Va. Code § 46-6F-112.

40. Defendants and/or their agents committed abusive acts or practices as defined

by W.Va. Code § 46A-6F-601(a)(2) because they engaged Plaintiff repeatedly or continuously with behavior that a reasonable person would deem to be annoying, abusive, or harassing.

41. Defendants and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(3) because they initiated outbound calls to Plaintiff when, by registering her number on the National Do Not Call Registry, she previously indicated she did not want to receive such calls.

42. Defendants and/or their agents committed abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(5) because they engaged in other conduct which would be considered abusive to any reasonable consumer.

43. Each of Defendants' actions, or those of agents operating on their behalf, were done willfully or knowingly.

44. Accordingly, Plaintiff is entitled to relief from Defendants as prescribed by the penalties set forth in W.Va. Code § 46A-6F-701, including actual damages and a penalty in an amount to be determined by the Court of not less than one hundred dollars and not more than three thousand dollars per violation.

45. Plaintiff is further entitled to an adjustment for inflation on any award of damages as provided by W.Va. Code § 46A-6F-702.

WHEREFORE, Plaintiff demands from Defendant statutory penalties and damages as provided by law in the amount of $3,000 per violation, prejudgment and post judgment interest, costs, attorney's fees, and whatever further relief the Court deems appropriate.

JURY TRIAL DEMANDED.

**DIANA MEY**

/s/   Diana Mey
Diana Mey, Pro Se
14 Applewood Drive
Wheeling WV  26003
304-280-1607
diana_mey@comcast.net