IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION

**DIANA MEY,**

      **Plaintiff,**         Civil Action No. 5:25-CV-00137
                                                Honorable John Preston Bailey

**v.**

**FEX QUOTES, LLC,**
**ADAM BARKOW, and**
**JOHN DOE,**

      **Defendants.**

### DEFENDANTS FEX QUOTES, INC. AND ADAM BARKOW'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT

Come now Defendants FEX Quotes, Inc.[1] and Adam Barkow (hereafter, "Defendants"), by counsel, and submit this memorandum of law in support of their motion to dismiss Plaintiff's Complaint (ECF No. 1). Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Defendants move to dismiss Plaintiff, Diana Mey's claims for Violations of the Telephone Consumer Protection Act ("TCPA") and the West Virginia Consumer Credit and Protection Act ("WVCCPA").

### I.     INTRODUCTION

Plaintiff filed this action for damages and injunctive relief, claiming that the Defendants violated the TCPA and the WVCCPA when the Defendants or those allegedly acting on their behalf made three calls to Plaintiff, allegedly relating to life insurance.

Plaintiff does not allege that she received any calls from Defendants. In fact, Plaintiff provides no ascertainable relationship between Defendants and the individual who allegedly made these calls. She makes no showing that any of the calls she received or any person she spoke with

---

[1] Improperly named in the Complaint as Fex Quotes, LLC.

during the alleged calls notified her of any affiliation with the Defendants. Likewise, Plaintiff provides no factual support for her allegations that a third-party initiated the calls as an agent of the Defendants, but instead simply refers to "affiliates," "agents affiliates," "agents" or "other persons acting on Defendants' behalf," Compl. ¶ 29, without providing evidence of any degree of actual or apparent authority to act on the Defendants' behalf with respect to these phone calls. Despite her bald assertions, Plaintiff has not and cannot establish the necessary connection between Defendants and the calls she received, because the very nature of Defendants' business and operations does not support her claims. *See Affidavit of Adam Barkow*, **attached as Exhibit A.** Neither FEX Quotes, Inc. nor Adam Barkow conduct *any* form of marketing and merely provide an online service, accessible by anyone, with no identifying client information. Ex. A.

Ultimately, Plaintiff's complaint does not allege a single fact supporting any relationship between Defendants and the alleged caller. Accordingly, the Court should dismiss Plaintiff's Complaint without leave to amend as there are no facts alleged to support either direct or vicarious liability.

## II.  STATEMENT OF FACTS

Plaintiff commenced this action on June 23, 2025, alleging two counts against Defendants and a John Doe for violations of the TCPA and the WVCCPA. Plaintiff alleges that on October 14, 2024, Plaintiff received three calls from an individual, identified as "David Harrison" who was calling her about life insurance. (Compl. at ¶ 15, 16, & 18). Plaintiff agreed to have information emailed to her, and she in turn, received an email on the same date from the email address "davidharriss37@gmail.com." (Compl. at ¶ 17). Plaintiff does not allege that the unknown individual, David Harrison, has any connection or affiliation with Defendants besides alleging that Defendant FEX Quotes "provides products and services, including a 'final expense quoter' to

insurance agents, including Defendant John Doe." (Compl. at ¶ 10). Plaintiff then asserts that following the calls with the unknown individual, her card was charged by FEX Quotes. (Compl. at ¶ 19).

### III.  STANDARD OF REVIEW

A motion to dismiss filed under Rule 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This standard "does not require 'detailed factual allegations,' but it demands more than an unadorned, 'the-defendant-unlawfully-harmed-me' accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)). To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). To achieve facial plausibility, the plaintiff must plead facts allowing the court to draw the reasonable inference that the defendant is liable, moving the claim beyond the realm of mere possibility. *Id*. Applying these standards here, Plaintiff's claims should be dismissed.

### IV.  ARGUMENT

Plaintiff's Complaint fails to plausibly allege a theory of liability under the TCPA and WVCCPA against Defendants, in accordance with federal pleadings standards, statutory requirements, and the weight of applicable federal authority. These defects warrant complete dismissal of Plaintiff's Complaint.

   A. **Count I of Plaintiff's Complaint for Violations of the Telephone Consumer Protection Act must be dismissed in its entirety**

      i.     **The Court Should Grant Defendants' Motion to Dismiss Because Plaintiff**

3

### Failed to Plead Facts Showing Defendants Could Be Directly Liable for the Alleged Calls

In an attempt to support her claims, Plaintiff asserts several empty conclusions as facts. Plaintiff's Complaint does not allege that Defendants – or anyone related to or controlled by Defendants – placed a single call to her. Instead, Plaintiff alleges three calls were made to her from a non-party named "David Harrison." (Compl. at ¶¶ 15-18). Despite alleging that "[u]pon information and belief, the acts complained of herein were either the direct acts of Defendant or the acts of agents authorized to act on their behalf," the Complaint does not include a single fact in support of Plaintiff's conclusory allegation of agency. (Compl. at ¶ 24).

There are no factual allegations that Defendants are affiliated with an individual named David Harrison, that Defendants do business with David Harrison, or that Defendants played any role whatsoever in deciding who, when, or how to place phone calls to anyone, including Plaintiff. The only connection that Plaintiff attempts to make between the alleged caller and Defendants is that FEX Quotes "provides products and services, including a 'final expense quoter' to insurance agents, including Defendant John Doe." (Compl. at ¶ 10).

As evidenced by the *Affidavit of Adam Barkow*, Ex. A**,** FEX Quotes, Inc. operates a subscription-based SaaS (Software as a Service), which is a data aggregation service that maintains and provides actuarial data for insurance agents, brokerages, and other wholesalers in the life insurance space. Essentially, FEX Quotes, Inc. is a website that anyone can access in order to obtain information about insurance quotes from various insurance companies. The purpose of FEX Quotes, Inc. is to provide a searchable database of insurance policy information so that insurance agents and brokers may quickly and easily compare quotes. FEX Quotes, Inc. is a business-to-business software service that does not market or solicit customers. Ex. A.

All of FEX Quotes, Inc.'s business comes from professional-to-professional referrals and

FEX Quotes, Inc. and FEX Quotes, Inc. does not conduct any form of telemarketing. The online database tool is leased out to insurance agents or brokers and paid for in monthly subscriptions. It does not contain any client information, but rather, generates price quotes for insurance agents and brokers. The *only* information contained in the online database tool is insurance rates from various carriers. Ex. A.

FEX Quotes, Inc. does not sell insurance nor derive any benefit from the sale of any insurance products. Once the information related to insurance rates is accessed from the online database tool, neither Adam Barkow nor FEX Quotes, Inc. have any control over how the information is utilized. Neither Adam Barkow nor FEX Quotes, Inc. have any relationship with subscribers other than providing insurance rates. Ex. A. Accordingly, Plaintiff has not sufficiently alleged any connection to Defendants and the calls she allegedly received.

Plaintiff appears to imply that the individual who called her on October 4, 2024, was acting on Defendants' behalf and that her credit card was charged thereafter by FEX Quotes, Inc. While it is unclear what inference Plaintiff expects Defendants or the Court to draw from these facts, Defendants have no way of knowing what precisely it is Plaintiff is alleging they have done wrong. Plaintiff has not alleged that she was induced to purchase services from FEX Quotes, Inc. or that "David Harrison" was conducting calls in any way related to Defendants. If Ms. Mey's credit card was charged by FEX Quotes, Inc., it is only because she, or someone with her credit card information, paid for and accessed the online database tool. Any such access would have absolutely no bearing on whether she received calls from Defendants, and Plaintiff has not alleged as much.

While Plaintiff receiving calls from an individual may be a "fact" for Rule 12 purposes, her assertion that Defendants played any role in placing the calls is a conclusion based on rank speculation. The *only* factual allegations regarding Defendants are that David Harrison may have

utilized Defendants' final expense quoter, and that following a call from David Harrison, Plaintiff's Visa card was charged $25.00 by FEX Quotes. (Compl. at ¶¶ 10, 19). Plaintiff does not even attempt to establish a link between the calls and the charge to her credit card, and does not allege that the caller even indicated to her that he was connected to Defendants.

These facts do not support any claim for direct liability. *See Warciak v. Subway Restaurants, Inc.*, 2019 U.S. Dist. LEXIS 32357, at *5 (N.D. Ill. Feb. 28, 2019) (dismissing direct liability claim where the complaint acknowledged that a person other than the defendant "physically sent out the text message," and there was no allegation that the defendant "was intimately involved in giving instructions to [the sender] regarding the details of the text message"), *aff'd* 940 F.3d 354 (7th Cir. 2020); *Simmons v. Charter Comms., Inc.*, 222 F. Supp. 3d 121, 132 (D. Conn. 2016) (holding that only the company that physically places the call can be directly liable for initiating a telemarketing call).

Put more simply, for direct TCPA liability to attach in this case, Plaintiff must plausibly allege that only FEX Quotes, Inc. or Adam Barkow, and not a third party, physically placed each phone call at issue directly to her. *See, e.g., Aaronson,* 2019 U.S. Dist. LEXIS 231433, at *3-5 (holding "at the pleadings stage, plaintiff must allege facts to support his conclusion or belief that defendant is the party that made the calls" and dismissing where plaintiff "failed to plead facts sufficient to support a theory of direct liability under the TCPA because plaintiff's allegations d[id] not show plausibly that defendant actually, physically initiated the telephone calls at issue"); *Scruggs*, 2020 U.S. Dist. LEXIS 253431, at *28 (dismissing where "[t]he sole factual allegation linking [Defendant] to the calls is that the caller identified himself as 'associated with [Defendant]'" which is "insufficient under the *Iqbal* pleading standards"); *Rogers, 2023 U.S. Dist. LEXIS 51955*, at *14 (dismissing where complaint alleged one defendant "physically" placed the subject calls, noting "[p]laintiffs

6

have not pleaded any *facts* supporting their inference that [defendant] physically dialed the calls to four of the individual plaintiffs" (emphasis in original)); *Brownlee v. Allstate Ins. Co.,* 2021 U.S. Dist. LEXIS 180891, at *3-4 (N.D. Ill. Sept. 22, 2021) (dismissing TCPA complaint where the allegations did not "allow the Court to reasonably infer that defendant is liable for each call" and holding that "[a]t the very minimum, plaintiff must allege in her complaint that defendant made each call that she seeks to hold it [directly] liable for."); *Metzler v. Pure Energy USA LLC*, 2023 U.S. Dist. LEXIS 19600, at *13 (S.D.N.Y. Feb. 6, 2023) (dismissing on this basis, holding that all TCPA plaintiffs must plausibly "allege facts from which the Court can plausibly infer that [d]efendant has direct liability, even if it is also plausible that a third party made the call"). Plaintiff has clearly not done so here. In fact, there is not a single allegation in Plaintiff's Complaint that alleges that the calls she received were on behalf of FEX Quotes, Inc. or Adam Barkow.

To state a plausible direct TCPA liability claim, the identity of the actual caller is the critical threshold element and <u>must</u> be adequately pled to avoid a dismissal on the pleadings. As one such court aptly noted, "simply asserting a purported fact does not make it one, where there are no factual allegations to support the asserted conclusion." *Bank v. Alleviate Tax, LLC*, 2024 U.S. Dist. LEXIS 56828, at *11, n.6 (E.D.N.Y. Mar. 28, 2024) (dismissing TCPA case on these grounds). This Court should reach the same conclusions here and dismiss.

Such conclusory facts as those alleged in Plaintiff's Complaint are insufficient to support a direct TCPA liability theory in this or any TCPA case, standing alone, even if taken as true, under the weight of applicable federal authority. *See, e.g., Hicks,* 2020 U.S. Dist. LEXIS 157433, at *10-14; *Barnes,* 2023 U.S. Dist. LEXIS 51033, at *1-9; *Murray*, 2015 U.S. Dist. LEXIS 89913, at *4-6; *Scruggs*, 2020 U.S. Dist. LEXIS 253431, at *27-30; *Aaronson,* 2019 U.S. Dist. LEXIS 231433, at *3-5.

Beyond this, Plaintiff's Complaint is perhaps more notable for what facts it <u>omits</u> in this regard. Plaintiff does <u>not</u> plausibly allege, or even state in conclusory fashion, *inter alia,* that: (i) the phone number allegedly used by the caller to place the calls (402-764-9075) is owned by Defendants; (ii) the email allegedly used by the caller (davidhariss37@gmail.com) is owned by Defendants; (iii) Plaintiff's Caller ID identified Defendants or any related entities; (iii) she ever spoke with any employee or representative of Defendants; (iv) the caller ever identified himself as affiliated with Defendants; (v) Defendants' services were ever offered to Plaintiff. The omission of such facts here is fatal, and Plaintiff has not demonstrated even a scintilla of evidence supporting a direct TCPA claim.

    **ii.**    **The Court Should Grant Defendants' Motion to Dismiss Because Plaintiff Failed to Plead Facts Showing it is Vicariously Liable for the Alleged Calls**

Plaintiff clearly does not attempt to establish direct liability against Defendants. Instead, Plaintiff alleges that her allegations, if accepted as true, establish that "the acts complained of herein were carried out by agents operating for Defendants' benefit, or with actual, implied, or apparent authority of Defendants, such that Defendants are vicariously liable as to all Counts ascribed herein." (Compl. at ¶ 26).

Again, Plaintiff's only factual allegations are that a man alleged to be named David Harrison called her regarding life insurance, and that he may have used FEX Quotes, Inc.'s online final expense quoter. Neither of the allegations, even if true, would support an agency theory because the allegations do not support actual, implied, or apparent authority.

First, Plaintiff failed to plead facts sufficient to establish actual authority. "Agency is the fiduciary relationship that arises when one person (a 'principal') manifests assent to another person (an 'agent') that the agent shall act on the principal's behalf and subject to the principal's control, and the agent manifests assent or otherwise consents so to act." *Mavrix Photographs, LLC v.*

8

*LiveJournal, Inc.*, 873 F.3d 1045, 1054 (9th Cir. 2017) (quoting Restatement (Third) of Agency § 1.01 (2006)). Agency requires more than "mere passive permission; it involves request, instruction, or command." *Thomas*, 879 F. Supp. 2d at 1085 (quoting *Klee v. United States*, 53 F.2d 58, 61 (9th Cir. 1931)); *see also Wolf v. Celebrity Cruises, Inc.*, 683 Fed. Appx. 786, 796 (11th Cir. 2017).

Plaintiff's factual allegations fall woefully short of actual authority, as there are no allegations that Defendants instructed, directed, or otherwise authorized David Harrison or any third-party to call Plaintiff.

Plaintiff also failed to plead facts sufficient to establish implied or apparent authority. "Apparent authority arises from the principal's manifestations to a third party that supplies a reasonable basis for that party to believe that the principal has authorized the alleged agent to do the act in question." *NLRB v. Dist. Council of Iron Workers of the State of Cal. & Vicinity*, 124 F.3d 1094, 1099 (9th Cir. 1997) (emphasis added). Authority is not established merely by showing that the alleged agent "claimed authority or purported to exercise it." *Id*. Rather, "it can only 'be established by proof of something said or done by the [alleged principal], on which [the plaintiff] reasonably relied." *Thomas*, 582 F. App'x at 679 (quoting *NLRB*, 124 F.3d at 1099).

But, again, Plaintiff has not even alleged that Defendants authorized any calls to Plaintiff in the first place. What's more, there exists no information that the alleged caller could have received from FEX Quotes, Inc.'s online database that would direct him to the Plaintiff. *See* Ex. A. In summary, Plaintiff's scant and unsubstantiated allegations do not state a claim for relief that is plausible for a TCPA violation.

### B. Count II of Plaintiff's Complaint for Violations of the WVCCPA must be dismissed in its entirety

For the same reasons Plaintiff's claim for violation of the TCPA fails, Plaintiff's claim for violation of the WVCCPA is likewise wholly deficient. Plaintiff alleges that "Defendants and/or

9

their agents" are telemarketers who sought to sell goods or services to Plaintiffs which constituted abusive acts or practices as defined by W.Va. Code § 46A-6F-601(a)(2), (3), and (5). (Compl. at ¶¶ 36, 38, 40, 41, 42.

Plaintiff has not sufficiently stated a claim that Defendants are subject to the telemarketing provisions in W.Va. Code Chapter 46A, Article 6F. Namely, Plaintiff does not make any attempt to provide sufficient facts to establish that Defendants are telemarketers for the purposes of the WVCCPA. The WVCCPA defines a telemarketer as "any person who initiates or receives telephone calls to or from a consumer in this State for the purpose of making a telemarketing solicitation . . ." W. Va. Code § 46A-6F-601(a). Further, a "telemarketer may initiate or receive a communication that constitutes a telemarketing solicitation on his own behalf, through a salesperson or through an automated dialing machine." § 46A-6F-601(a). As detailed *supra*, not a single fact in Plaintiff's Complaint supports her allegations that Adam Barkow or FEX Quotes, Inc. ever called her, initiated a call to her, or dealt with her in *any* fashion. Plaintiff attempts to make an extremely tenuous connection between the calls she received from an unaffiliated individual and Defendants by baldly asserting that "Defendants and/or their agents" made the alleged telemarketing calls. As already established, however, Plaintiff has made no showing of actual or apparent agency.

These baseless statements, with no ascertainable grounding in fact, are precisely the types of claims which a 12(b)(6) motion must prevent. *See Wince v. Easterbrooke Cellular Corp.*, 681 F. Supp. 2d 688 (N.D.W. Va. 2010). In *Wince v. Easterbrooke*, the Court dismissed Plaintiff's WVCCPA claim when Plaintiff failed to plead factual support for his legal conclusions that he "suffered damages proximately caused by the [] unfair or deceptive acts or practice" of the defendants. *Id.* at 694. In dismissing Plaintiff's claims, the court reasoned:

> As *Iqbal* advises, though [Plaintiff] is permitted to assert "legal conclusions [that] can provide the framework of a complaint," those

> conclusions "must be supported by factual allegations." Instead, [Plaintiff] has failed to present any factual allegations to support his conclusory allegations of injury. As a result, [Plaintiff]'s claims must be dismissed.

*Id.* (citations omitted).

Here, Plaintiff has provided **_no_** factual support that demonstrates that the Defendants are telemarketers, that Defendants sought to sell consumer goods or services to Plaintiff, that Defendants called Plaintiff with the purpose of making telemarketing solicitations, or that Plaintiff experienced damages as a result.

Therefore, Plaintiff has failed to plead sufficient facts to establish a plausible claim for relief under the WVCCPA, and this claim must likewise be dismissed for failure to state a claim.

## V.     CONCLUSION

Plaintiff's Complaint contains only unsubstantiated and conclusory allegations regarding the TCPA and WVCCPA claims without specific factual support demonstrating how Defendants' alleged conduct violated the particular provisions of the statutes. Accordingly, Defendants FEX Quotes, Inc. and Adam Barkow respectfully move this Court to enter an Order dismissing Plaintiff's Complaint in its entirety, with prejudice, for failure to state a claim.

DATED: August 26, 2025.

                                              **FEX QUOTES, INC. and ADAM BARKOW,**
                                              By Counsel,

                                              */s/Katherine R. Herrmann*
                                              William D. Wilmoth (WV Bar # 4075)
                                              Katherine R. Herrmann (WV Bar# 14067)
                                              **Steptoe & Johnson PLLC**
                                              1324 Chapline Street
                                              Wheeling, WV 26003
                                              William.Wilmoth@steptoe-johnson.com
                                              Katie.Herrmann@steptoe-johnson.com

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING DIVISION**

**DIANA MEY,**

       **Plaintiff,**                             **Civil Action No. 5:25-CV-00137
                                                           Honorable John Preston Bailey**

**v.**

**FEX QUOTES, LLC,
ADAM BARKOW, and
JOHN DOE,**

       **Defendants.**

### CERTIFICATE OF SERVICE

I hereby certify that on the 26th day of August 2025, I filed the foregoing ***Defendants FEX Quotes, Inc. and Adam Barkow's Memorandum of Law in Support of Motion to Dismiss Plaintiff's Complaint*** with the Clerk of Courts via the e-filing system and by U.S. mail, which will effect service upon the following:

                                      Diana Mey
                                    14 Applewood Drive
                                  Wheeling, WV 26003

                                                    */s/Katherine R. Herrmann*
                                                    Katherine R. Herrmann (WV Bar # 14067)